UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HENRY JOHNSON | * | CIVIL ACTION |
| VERSUS | * | NO.: |
| ASHLAND SERVICES, LLC, ES&H, INC., BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION CO., and BP CORPORATION NORTH AMERICA, INC. | * | SECTION: |
| | * | MAGISTRATE: |
| | * | IN ADMIRALTY/RULE 9(H) |

\* \* \* \* \* \* \*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes HENRY JOHNSON, a person of full age of majority and a resident of the Parish of Jefferson, State of Louisiana, and for his Complaint, he respectfully avers as follows:

1.
### JURISDICTION

This Honorable Court has jurisdiction over this matter in admiralty, pursuant to 28 U.S.C. 1333, and these claims are designated as claims in admiralty pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. In the alternative, the Court has federal question jurisdiction pursuant to 28 U.S.C. 1331.

2.

Made defendants herein are:

1. ASHLAND SERVICES, LLC, on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of the plaintiff and/or the owner, owner *pro hac vice*, charterer and/or operator of the M/V SAGE JUANITA.

2. ES&H, INC., on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of the plaintiff and/or the owner, owner *pro hac vice*, charterer and/or operator of the M/V SAGE JUANITA.

3. BP EXPLORATION & PRODUCTION, INC., on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of the plaintiff and/or the owner, owner *pro hac vice*, charterer and/or operator of the M/V SAGE JUANITA.

4. BP AMERICA PRODUCTION CO., on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of the plaintiff and/or the owner, owner *pro hac vice*, charterer and/or operator of the M/V SAGE JUANITA.

5. BP CORPORATION NORTH AMERICA, INC., on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of the plaintiff and/or the owner, owner *pro hac vice*, charterer and/or operator of the M/V SAGE JUANITA.

### **FIRST CAUSE OF ACTION**

3.

HENRY JOHNSON was at all times mentioned herein an employee of the defendants, and a member of the crew of the M/V SAGE JUANITA, a vessel owned, chartered, and/or operated by the defendants, performing his duties as a seaman aboard said vessel, and the

defendants are liable unto him under the admiralty law known as the Merchant Marine Act, modified and commonly known as the Jones Act, 46 U.S.C. Appx. § 688 (now 46 U.S.C. § 30104), and/or alternatively pursuant to 33 U.S.C. § 905(b), and pursuant to the General Maritime Law of the United States of America, and under the law and statutes of the State of Louisiana, and he brings this suit pursuant to the "savings to suitors" clause of the United States Constitution and hereby designates this claim as one in admiralty and maritime, for the following reasons:

4.

On or about June 21, 2010, plaintiff was employed as a seaman aboard the M/V SAGE JUANITA, a vessel owned and/or operated by the defendants, which vessel was in the navigable waters of the United States and within the jurisdiction of this Court. On that date, plaintiff was performing his assigned duties as a seaman aboard the vessel. In the course of performing those duties, suddenly and without warning and due to the negligence of the defendants and/or the unseaworthiness of the vessel, plaintiff was caused to sustain severe and disabling injuries when he fell to the deck after the vessel collided with a boat beacon.

5.

Plaintiff was in no manner negligent. On information and belief, plaintiff alleges that the sole and proximate cause of the accident and his injuries, as described herein, was the unseaworthiness of the vessel and/or negligence and/or failure of the defendants, and their employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1. Failure to provide plaintiff with a safe place in which to work;
2. Failure to warn the plaintiff;

3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;

4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;

5. Creation and maintenance of an unseaworthy vessel, and failure to properly maintain the vessel;

6. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

7. Failure to provide competent and adequate supervisory authority;

8. Hiring untrained and unskilled employees;

9. Retaining employees found to be careless and/or unskilled;

10. Failure to properly man the vessel;

11. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

12. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional damages, including but not limited to any negligent hiring and/or retention of physicians and/or disregarding advice of physicians;

13. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

6.

Solely by reason of the negligence of the defendants and unseaworthiness of the vessel, and other acts and inactions described herein, plaintiff sustained serious injuries including but not limited to the following: injury to his buttocks and head as well as possible injuries to his bones, muscles and joints, organs and tissues among other component parts of his head, back, ribs, legs, feet, and hands. As a result thereof, plaintiff has in the past and will in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing

aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

7.

As a result of the aforesaid negligence, breach of duties, and unseaworthiness on the part of the defendants herein, plaintiff has suffered injuries and damages for which defendants are liable unto him, plus legal interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings.

## SECOND CAUSE OF ACTION

## MAINTENANCE AND CURE

8.

Plaintiff repeats and realleges all of the foregoing paragraphs with the same force and effect as if herein set forth in full, and in addition thereto alleges that as a result of the aforementioned injuries which plaintiff received aboard the vessel, he was rendered unfit for duty as a seaman from the date of the accident, on or about June 21, 2010.

9.

Pursuant to the General Maritime Laws of the United States of America, the defendant, Ashland Services, LLC, owed the absolute and non-delegable duty to provide plaintiff with maintenance and cure benefits from the date of his injury until full recovery.

10

Thus, the defendants is indebted unto the plaintiff for maintenance and cure benefits in the amount of FIFTY ($50.00) DOLLARS per day from June 21, 2010, until he has fully recovered from his injuries, or such amount as plaintiff proves to be legally entitled to, together with interest from the date of occurrence, a reasonable attorney's fee and all costs

of these proceedings.

11.

In addition, the defendant has refused and/or failed to timely pay plaintiff's maintenance and cure benefits. The refusal/failure to do so on a timely basis was willful, wanton, arbitrary, capricious and/or otherwise without cause. As a result, the plaintiff has had to endure additional and unnecessary pain, suffering and financial stress and possible worsening of his physical condition. As a result thereof, the defendant is liable unto the plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States' ruling in *Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561 (2009).

**WHEREFORE**, HENRY JOHNSON prays that his Complaint be deemed good and sufficient, and that after due proceedings had and the expiration of all legal delays herein:

1. That there judgment in favor of the plaintiff, HENRY JOHNSON, and against the defendants, ASHLAND SERVICES, LLC, ES&H, INC., BP EXPLORATION AND PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY and BP CORPORATION NORTH AMERICA, INC., jointly, severally, and *in solido*, in damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorneys fees, and all costs;

2. There be a judgment rendered herein in favor of the plaintiff and against the defendants for maintenance and cure benefits, past, present, and future at a daily rate of FIFTY ($50.00) DOLLARS, or such amount as plaintiff proves to be legally entitled to, plus

interest from the date of occurrence, costs and attorneys fees therefore, all in a true sum to be determined at the trial of this case;

3. There be judgment herein in favor of the plaintiff and against the defendants for additional compensatory damages and for punitive damages for the defendants' willful, wanton, arbitrary, capricious, and/or otherwise without cause failure and/or refusal to pay plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

4. For any and all other relief which the law and justice provide.

RESPECTFULLY SUBMITTED:

/s/ Errol B. Conley
LAWRENCE BLAKE JONES (7495)
ERROL B. CONLEY (18580)
SCHEUERMANN & JONES
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380

**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS WILL BE SERVED ON DEFENDANTS.**